# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY LESTER STORK,<br><br>　　　Plaintiff,<br><br>vs.<br><br>KAREN ADAMS,<br>TRACY PETERS,<br>and RUSSELL ADAMS,<br><br>　　　Defendants. | Case No. 19-cv-00725-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tony Stork, an inmate at White County Jail located in Carmi, Illinois, filed a Complaint in the Circuit Court for the Second Judicial Circuit for Lawrence County, Illinois. (Doc. 1-1). Plaintiff claims that during his detention at Lawrence County Jail, he was placed in the "drunk tank" on suicide watch for six days without clothing or bedding while the Jail Administrator went on vacation in December 2018. (*Id*. at pp. 2-8). Plaintiff brings claims under federal and state law against Russell Adams (sheriff), Karen Adams (jail administrator), and Tracy Peters (officer). (*Id*.). He seeks monetary relief. (*Id*. at p. 8).

Defendants removed the case to this federal judicial district pursuant to 28 U.S.C. §§ 1441, 1331, and 1343 on July 3, 2019. (Doc. 1). Plaintiff made no objection, and the Court finds that removal is proper.[1] Accordingly, the Complaint is now subject to preliminary review under 28 U.S.C. § 1915A.

---

[1] Defendants filed a Notice of Removal on the basis of federal question jurisdiction within thirty days of service of the Complaint on them. *See* 28 U.S.C. §§ 1441, 1343, 1331. The district court has jurisdiction of the civil action and finds the removal is proper. 28 U.S.C. §§ 1441 (a), (c)(1)(A).

1

Section 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff wrote an article about Lawrence County Jail that was published in the local newspaper on or around December 1, 2018. (Doc. 1-1, p. 4). After learning of the article and a local church's donations, Jail Administrator Adams told Plaintiff that the article and donations were "not appreciated" and that Sheriff Adams had authorized her to reject all Christmas donations from the church. (*Id.*). Jail Administrator Adams also informed Plaintiff that he would be denied access to the Jail's law library until the following Tuesday. (*Id.*).

Plaintiff admittedly "lost control" and began screaming obscenities at Jail Administrator Adams. (Doc. 1-1, pp. 4-5). She summoned several officers to Plaintiff's cell. (*Id.*) Jail Administrator Adams and Officer Peters then forced Plaintiff to remove his clothing, by threatening to shoot him with a taser if he refused. (*Id.* at p. 2). Plaintiff was placed on suicide watch without cause and in violation of state regulations. (*Id.*). He was housed in the Jail's segregated drunk tank for five or six days while Jail Administrator Adams went on vacation. (*Id.* at pp. 2-8). Plaintiff was denied all clothing[2] and bedding. Officer Peters checked on him and acknowledged that he presented no suicide risk but still denied him these items. (*Id.*).

---

[2] He was only provided with a suicide smock. (*Id.* at pp. 4-6).

2

Based on the allegations, the Court finds it convenient to designate the following seven (7) Counts in the Complaint:

> **Count 1:** Retaliation claim against Defendants for denying Plaintiff law library access and transferring him to the drunk tank on suicide watch because he wrote an article about the Jail for the local newspaper in December 2018.
>
> **Count 2:** Unconstitutional conditions of confinement claim against Defendants for depriving Plaintiff of clothing, bedding, and blankets while he was in the drunk tank in December 2018.
>
> **Count 3:** Excessive force claim against Defendants Karen Adams and Tracy Peters for threatening use of a taser on Plaintiff if he did not remove all clothing in their presence in December 2018.
>
> **Count 4:** Prison Rape Elimination Act claim against Defendants Karen Adams and Tracy Peters.
>
> **Count 5:** Claim against Defendants for placing Plaintiff on suicide watch without cause and without following proper state procedures.
>
> **Count 6:** Illinois state law negligence claim against Defendants.
>
> **Count 7:** Illinois state law claim for intentional infliction of emotional distress against Defendants.

**Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

## Discussion

### Counts 1, 2, and 3

The allegations state plausible claims in Count 1 for retaliation under the First Amendment, Count 2 for unconstitutional conditions of confinement under the Eighth or Fourteenth Amendment, and Count 3 for excessive punishment under the Eighth or Fourteenth Amendment.[4]

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[4] Because it is unclear whether Plaintiff was a pretrial detainee or a convicted person at the time his claims arose, the Court cannot determine whether the Eighth or Fourteenth Amendment controls Counts 2 and 3.

**Count 4**

The Prison Rape Elimination Act ("PREA") claim in Count 4 does not survive screening. Courts considering the issue agree that PREA does not support a private cause of action. *See Truly v. Moore*, No. 16-cv-00783-NJR, 2017 WL 661507 (S.D. Ill. 2017) (collecting cases and dismissing PREA claim brought under circumstances similar to those described here). Therefore, Count 4 shall be dismissed with prejudice.

**Count 5**

Plaintiff cannot pursue his claim against Defendants for violations of state policies regarding inmate suicide watch. A plaintiff cannot use Section 1983 to enforce state regulations or policies. *See James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017); *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (dismissing claim that defendants did not comply with applicable state regulations); *White v. Olig*, 56 F.3d 817, 821 (7th Cir. 1995) (holding that "failure to follow procedures mandated by state but not federal law . . . can only establish state law violation" and "are not remedial under Section 1983"). Count 5 shall be dismissed without prejudice.

**Counts 6 and 7**

The negligence claim in Count 6 and emotional distress claim in Count 7 arise under Illinois law. This Court has supplemental jurisdiction over both claims because they involve the same facts as the federal claims. *See* 28 U.S.C. § 1367(a). However, the bald and conclusory allegations offered in support of these claims do not satisfy the *Twombly* pleading requirements. *See Twombly*, 550 U.S. at 570 (to survive screening, claim must be "plausible on its face").

---

The Eighth Amendment governs claims brought by a convicted person, and the Fourteenth Amendment governs claims brought by a pretrial detainee. *Currie v. Chabra*, 728 F.3d 626, 628-29 (7th Cir. 2013). The allegations support claims in both contexts, so the claims survive preliminary review. The exact legal framework can be determined as the case proceeds.

Plaintiff states, in conclusory fashion, that Defendants were negligent and intentionally inflicted emotional distress on him. While this is certainly possible, his allegations describe no plausible claims for violations of Illinois tort law. Counts 6 and 7 shall be dismissed without prejudice.

**Pending Motion**

Plaintiff's Motion for Appointment of Counsel (Doc. 7) is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court should consider when presented with a request for counsel). Plaintiff demonstrates no efforts to locate counsel on his own. He also appears capable of preparing and timely filing coherent pleadings and otherwise litigating his three claims without the assistance of counsel. Should his situation change, Plaintiff may renew his request for counsel by filing a new motion.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A, as follows: **COUNTS 1** and **2** will proceed against Defendants **RUSSELL ADAMS, KAREN ADAMS,** and **TRACY PETERS**, and **COUNT 3** will proceed against Defendants **KAREN ADAMS** and **TRACY PETERS** in their individual capacities.

**IT IS ORDERED** that **COUNT 4** is **DISMISSED** with prejudice, and **COUNTS 5, 6,** and **7** are **DISMISSED** without prejudice, all for failure to state a claim for relief.

As to **COUNTS 1, 2,** and **3,** the Clerk of Court shall prepare for Defendants **RUSSELL ADAMS, KAREN ADAMS,** and **TRACY PETERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that

Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

This matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: September 23, 2019**

                                                      s/J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**