IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY LESTER STORK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00725-JPG |
| ) | |
| KAREN ADAMS, ) | |
| TRACY PETERS, ) | |
| and RUSSELL ADAMS, ) | |
| ) | |
| Defendants. ) | |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

Plaintiff Tony Stork filed this action pursuant to 42 U.S.C. § 1983 in the Circuit Court for the Second Judicial Circuit for Lawrence County, Illinois. (Doc. 1-1). In the Complaint, Plaintiff alleged that he was placed in Lawrence County Jail's "drunk tank" on suicide watch without clothing or bedding for six days. (*Id*. at pp. 2-8). He asserted claims under federal and state law against Russell Adams (sheriff), Karen Adams (jail administrator), and Tracy Peters (officer). (*Id*.). Plaintiff seeks monetary relief. (*Id*. at p. 8). On July 3, 2019, Defendants removed the case to this federal judicial district pursuant to 28 U.S.C. §§ 1441, 1331, and 1343. (Doc. 1). The Complaint survived preliminary review under 28 U.S.C. § 1915A.

However, Plaintiff has since failed to prosecute his claims. The Court repeatedly advised him of his ongoing obligation to promptly notify the Court of any address changes. (Docs. 5, 9, and 30). He was also warned that failure to timely update his address may result in dismissal of the action for failure to comply with a court order and for failure to prosecute his claims. (*Id*.). Despite these warnings, Plaintiff did not update his address when it changed.

1

On January 26, 2021, the Court received a notice of change of address for plaintiff from a non-party, prompting the Court to enter the following Order on the same date:

> ORDER: On January 26, 2021, the Court received a notice of change of address for plaintiff filed by a non-party, named Lisa Shook. The Court cannot accept a notice of plaintiff's address change from anyone other than the plaintiff. The Court also cannot confirm the accuracy of the address provided by the non-party. Under the circumstances, the Court will not update Plaintiff's address with the information provided. The Clerk of Court is DIRECTED to SEND a copy of this Order to the author of the letter (Lisa Shook, 1116 9th Street, Lawrenceville, IL 62439), to Plaintiff at the address provided by the letter's author (Tony Stork, #14452-0225, c/o Cimarron Correctional Facility, 3200 South Kings Highway, Cushing, OK, 74023), and to Plaintiff at the address currently on file in CM/ECF in this matter (Tony Stork, White County Jail, 108 N. Main Cross, Carmi, IL 62821). Plaintiff remains obligated to provide the Court with written notice of any address change within seven (7) days of any change to his address. (See Doc. 5). **He is hereby ORDERED to provide the Court with written notice of his updated address on or before FEBRUARY 5, 2021. He is WARNED that failure to do so shall result in dismissal of this action for failure to comply with the Court's Orders to update his address and prosecute his claims.**

(Doc. 30) (emphasis added). The Clerk's Office sent a copy of this Order to Plaintiff at the address on file for him in CM/ECF (*i.e.*, White County Jail) and the address provided by the letter's author (*i.e.*, Tony Stork, #14452-0225, c/o Cimarron Correctional Facility, 3200 South Kings Highway, Cushing, OK, 74023). (*Id.*).

Plaintiff's deadline for updating his address with the Court expired on February 5, 2021. (Doc. 30). The Court has received no communication from him. Moreover, it has become clear that the address on file for him (*i.e.*, White County Jail) in CM/ECF is incorrect. On February 18, 2021, two documents (Docs. 25 and 29) were returned from White County Jail as being undeliverable to Plaintiff.

The Court will not allow this matter to linger any longer. The entire action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Orders to update his address (Docs. 5, 9, and 30). *See* Fed. R. Civ. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the

general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice."). The dismissal shall be with prejudice.

### Disposition

**IT IS ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with multiple Court Orders (Docs. 5, 9, and 30) to update his address and his failure to prosecute his claim(s) herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The pending Motion for Summary Judgment (Doc. 26) is **TERMINATED**. The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: February 22, 2021

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**